**Horace L. BRAWLEY, Plaintiff,**

v.

**Wilmington Police Chief Guy SAPP, Thomas Jannuzzio and Officer Kane, Defendants.**

**Civ. A. No. 91–247–JJF.**

United States District Court, D. Delaware.

Jan. 28, 1993.

Horace L. Brawley, pro se plaintiff.

Carol J. Dulin, Asst. City Sol., City of Wilmington Law Dept., Wilmington, DE, for defendants.

## OPINION

FARNAN, District Judge.

### I.  INTRODUCTION

Presently before the Court is a motion to dismiss Plaintiff, Horace L. Brawley's civil rights complaint. (D.I. 11). On April 12, 1991, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Guy Sapp, Wilmington City Police Chief, Officer Jannuzzio, and Officer Kane, patrolmen employed by the City of Wilmington Police Department. (D.I. 2). The Complaint alleges that the officers used excessive force against the Plaintiff during Plaintiff's arrest.[1]

On September 6, 1991, Defendants filed a motion to dismiss. Defendants provided facts in support of their motion to dismiss by filing four affidavits. (Defendants' Ap-

---

1. The Complaint alleges that Officer Kane grabbed the Plaintiff's foot and tripped him, and that neither Officer Kane nor Officer Jannuzzio ever identified themselves as police officers. The Complaint further alleges that either Officer Kane or Officer Jannuzzio handcuffed him, then "clubbered [him] repeatedly in [his] head and side of [his] face breaking two of [his] teeth one tooth to the top of [his] mouth and the other one at [his] lower jawbone...." (D.I. 2). Finally, the Complaint alleges that the officers used this "deadly force" against the Plaintiff to arrest him for a crime "he did not commit." (D.I. 2).

pendix in Support of Their Opening Brief in Support of Their Motion to Dismiss, D.I. 15).[2] Plaintiff Brawley filed a brief in opposition to Defendants' motion to dismiss on November 12, 1991. (D.I. 22).[3] Plaintiff Brawley submitted the following material outside the pleadings to support his position: Appellant's Supplemental Opening Brief in *Brawley v. State*, C.A. No. 68, 1991 (Del.S.Ct.); Affidavit of Veronica L. Cuffy, dated June 29, 1991; Letter of Veronica Cuffy to Plaintiff, dated June 29, 1991; Directive 7.10 for an unnamed source; three newspaper articles—dated September 11, 1991, October 18, 1991, and October 19, 1991.[4] Because the Court will consider the materials submitted outside the pleadings by both parties, the Court will treat Defendants' motion to dismiss as a motion for summary judgment. *See* Fed.R.Civ.P. 56(c).

For the reasons that follow, the Court concludes that the undisputed facts demonstrate that the Plaintiff was not subjected to excessive force during his arrest. Accordingly, the Court will grant summary judgment in favor of all three defendants against Plaintiff on his § 1983 claims. In absence of any federal claims, the Court will decline to exercise pendent jurisdiction over the remaining state law claims.

## II. DISCUSSION

### A. *Facts*

Plaintiff's complaint arises out of events that allegedly occurred on November 30, 1989, the night Defendants Kane and Jannuzzio arrested Plaintiff. Plaintiff alleges that he was walking in and around 5th Street and Washington Street when he saw "a couple of object [sic] racing towards [him] one guy say this is a jack ... so [he] got panick [sic] and try to run from the moveing [sic] object later on [he] found out the objects was Police officer which they never had identify themselves as Police." (D.I. 2). He further alleges that when he began to run from the officers "officer Kane grab my foot and trip me then come officer Thomas Jannuzzio I don't know which one put the hand cuff on me but what I know is officer Thomas Jannuzzio clubbered me repeatedly in my head and side of my face breaking two of my teeth one tooth to the top of my mouth and the other one at my lower jawbone...." (D.I. 2). He alleges that "all this took place which [his] hands [were] handcuffed behind [his] back and one officer holding [his] foot while one beat the hell out of [him]." (D.I. 2). He alleges that he went to jail with a swollen wrist and swollen fingers, and presently suffers from a constant headache and sharp pain in his forehead. (D.I. 2).

Defendants do not dispute that they encountered Plaintiff on the night of November 30, 1989. They do not deny that Officer Kane grabbed Plaintiff's foot as Plaintiff attempted to run away from the officers, or that Officer Jannuzzio hit Plaintiff on the side of his head three times in an effort to subdue Plaintiff. They do dispute, however, the injuries that Plaintiff alleges that he sustained.

Defendants Kane and Jannuzzio allege that they were conducting surveillance on the night of November 30, 1989 in and around 5th and Jefferson streets. (D.I. 15;

**2.** Defendant Kane and Defendant Jannuzzio both submitted affidavits (D.I. 18, 19), in addition to Patrolman A. Kyle Rogers (D.I. 17) and Patrolman Vincent J. Jordan, III (D.I. 16), both of whom arrived at the scene shortly after the incidents alleged in the Complaint occurred.

**3.** Although Plaintiff Brawley characterizes his response as a "motion" not to dismiss, he is clearly responding to Defendants' motion to dismiss, thus the Court will treat it as an answer in opposition to Defendants' motion to dismiss.

**4.** On November 21, 1991, Plaintiff filed a motion to withdraw his previous answer to Defendants' motion to dismiss. Defendants contested Plaintiff's motion on the grounds that the amended answer brief is a "xeroxed copy of the first submitted answer brief." (D.I. 25, at 3).

After reviewing and comparing Plaintiff's initial answering brief to the amended brief, the Court concludes that they are substantially identical with the exception of the Appendices. Therefore, the Court will deny Plaintiff's motion to withdraw his previous answer brief. But, the Court will grant Plaintiff leave to supplement the first filed Appendix. Because Defendants' response addresses the materials in both Appendices, the Court finds that no prejudice will result by considering all of the materials submitted by the Plaintiff.

Jannuzzio Aff., at ¶¶ 3–4, Kane Aff, at ¶ 4). At around 6:15 p.m. they observed a white vehicle stop at the north side of the 500 block of West 5th Street. (D.I. 15; Jannuzzio Aff., at ¶ 6, Kane Aff, at ¶ 6). They then watched Plaintiff walk through a construction site, approach Veronica Cuffy, and hand her a package. (D.I. 15; Jannuzzio Aff., at ¶ 8, Kane Aff., at ¶ 8). Ms. Cuffy handed the driver the package. (D.I. 15; Jannuzzio Aff., at ¶ 9, Kane Aff., at ¶ 9). After the vehicle drove away, Plaintiff and Ms. Cuffy walked back through the construction site. (D.I. 15; Jannuzzio Aff., at ¶ 10, Kane Aff., at ¶ 10). At this point Officers Kane and Jannuzzio approached Plaintiff and Ms. Cuffy. (D.I. 15; Jannuzzio Aff., at ¶ 11, Kane Aff., at ¶ 11). The officers allege that Officer Kane yelled, "police officers." (D.I. 15; Jannuzzio Aff., at ¶ 12, Kane Aff., at ¶ 12). Officer Kane grabbed Ms. Cuffy. (D.I. 15; Jannuzzio Aff., at ¶ 13, Kane Aff., at ¶ 13). While he did so, Plaintiff started to run, so Officer Kane grabbed Plaintiff's foot. (D.I. 15; Jannuzzio Aff., at ¶ 15, Kane Aff., at ¶ 17). Plaintiff broke loose from Officer Kane, at which time Officer Jannuzzio ran after Plaintiff and tackled him. (D.I. 15; Jannuzzio Aff., at ¶¶ 16–17, Kane Aff., at ¶ 17). Officer Jannuzzio alleges that Plaintiff continued to struggle despite repeated warnings that he was under arrest. (D.I. 15, Jannuzzio Aff., at ¶ 20). After Plaintiff escaped a second time, Officer Jannuzzio tackled him again. (D.I. 15; Jannuzzio Aff., at ¶¶ 19–20). It was then that Officer Jannuzzio hit Plaintiff three times with his fist while holding his "Handie Talkie F.M. Radio." (D.I. 15; Jannuzzio Aff., at ¶ 21). After the third hit, Plaintiff stopped struggling and Officer Jannuzzio was able to place handcuffs on the Plaintiff. (D.I. 15; Jannuzzio Aff., at ¶ 22).

Shortly after this, Officers Vincent J. Jordan, III and A. Kyle Rogers arrived at 5th and Jefferson streets to transport Plaintiff to police headquarters. (D.I. 15; Jordan Aff., at ¶¶ 4–5; Rogers Aff., at ¶¶ 3–4f). Both Officers have stated that they did not see any blood, cuts, or other injuries on Plaintiff on November 30, 1989.

(D.I. 15; Jordan Aff., at ¶¶ 4–7, Rogers Affidavit, ¶¶ 3–6).

Plaintiff was subsequently tried and adjudged guilty for possession with intent to deliver a schedule I or schedule II narcotic, trafficking in cocaine, second degree conspiracy, and resisting arrest. (D.I. 15; Superior Court Docket, at A–13 to A–16).

### B. Summary Judgment Standard

Under Fed.R.Civ.P. Rule 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and hat the moving party is entitled to a judgment as a matter of law." The Rule provides further that when a motion for summary judgment is made and supported as provided in Rule 56, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### C. Guy Sapp, City of Wilmington Police Chief

To recover for a civil rights violation, Plaintiff must identify specific conduct engaged in by the defendant that caused harm to the Plaintiff. *Freedman v. Allentown,* 853 F.2d 1111, 1114 (3d Cir. 1988). Plaintiff has completely failed to allege any conduct on the part of Defendant Sapp that has caused harm to the Plaintiff. *Colburn v. Upper Darby Township,* 838 F.2d 663, 666 (3d Cir.1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989). Nor has Plaintiff presented evidence that Defendant Sapp directed the purportedly unlawful conduct, or was deliberately indifferent to it. *See Sample v. Diecks,* 885 F.2d 1099 (3d Cir.

1989). Plaintiff does make some reference to a pattern of conduct engaged in by the Wilmington police, but does not identify any specific conduct on the part of Chief Sapp that caused Plaintiff's injuries. Thus, even if all of Plaintiff's allegations are accepted to be true, Defendant Sapp is entitled to judgment as a matter of law. Accordingly, summary judgment will be granted in favor of Defendant Sapp.

### D. Officers Kane and Jannuzzio

■ Defendants contend that they are entitled to summary judgment because the officers' conduct did not rise to a constitutional violation. Plaintiff, on the other hand, contends that there is a genuine issue of fact regarding the severity of his injuries and whether the officers used excessive force. He argues that the existence of these material issues of fact render summary judgment inappropriate.

■ In *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989), the Supreme Court held that claims alleging use of excessive force by police officers are to be analyzed under the Fourth Amendment "objective reasonableness" standard. The factors to consider when determining whether the force used was excessive include 1) the severity of the crime at issue, 2) whether the suspect poses an immediate threat to the officers or others, 3) whether the suspect actively resisted arrest or attempted to evade arrest by flight. *Id.* at 396, 109 S.Ct. at 1871. Thus, the Defendants are entitled to summary judgment only if no reasonable jury could conclude that the amount of force used by the officers was unreasonable.

There is undisputed evidence that the Plaintiff was in possession of and distributing narcotics. Plaintiff was subsequently adjudged guilty for possessing and trafficking cocaine in Delaware Superior Court. Trafficking narcotics is indisputably a very serious crime. There is also undisputed evidence that Plaintiff ran from the officers in an attempt to evade apprehension.

With regard to the amount of force the officers used, Plaintiff alleges that Officer Jannuzzio repeatedly clubbered him while he was handcuffed, broke two teeth, and that he now suffers from a permanent headache. However, Plaintiff has not provided the Court with any evidence to substantiate these allegations. On the other hand, Officer Jannuzzio has submitted an affidavit swearing that he hit Plaintiff at the top of the head, not near the mouth, and that he hit Plaintiff just three times. He further states that he hit Plaintiff only as necessary to arrest him. Officer Kane states in his affidavit that he was not involved in the arrest of Plaintiff other than initially attempting to stop Plaintiff's escape by grabbing his foot.

Furthermore, Defendants have submitted affidavits of four officers, each of whom states that the Plaintiff "did not have any visible blood, cuts, or other signs of injury on him," and that "Plaintiff Brawley did not complain of injury." (D.I. 15; Jannuzzio Aff., at ¶¶ 32–33, Kane Aff., at ¶ 21, Jordan Aff., at ¶¶ 7–8, Rogers Aff., at ¶¶ 5, 7). Officer Jannuzzio stated in his affidavit that

> Plaintiff sustained no visible injury from the arrest. I did not see any bleeding, bruises, cuts, lacerations, broken skin, or other evidence of physical harm. Because I hit Plaintiff at the top of the head, I could not have touched his teeth. I was with Plaintiff about 30 minutes while I was booking him. During that time, he did not ask for medical care, or complain of injury.

(D.I. 15; Jannuzzio Aff., at ¶¶ 32, 33).

In light of the record evidence submitted by the Defendants, the Plaintiff's unsupported allegations that he was clubbered repeatedly by the Officers, suffered two broken teeth, a swollen wrist, and a permanent headache are not sufficient to place these facts in dispute. The Court is convinced that no reasonable jury could conclude that the officers' actions in grabbing the Plaintiff's foot and hitting him three times at the top of the head with the police radio were unreasonable given the seriousness of Plaintiff's crime and Plaintiff's conduct in evading and resisting arrest. Accordingly, the Court will grant summary

judgment in favor of Officers Kane and Jannuzzio.

### E. *Fifth Amendment*

■ In his response to Defendants' motion to dismiss, the Plaintiff states explicitly that his claims relating to the alleged incident arise under the Fifth Amendment's Equal Protection Clause not the Fourth Amendment. (D.I. 22, at 16–29). Plaintiff alleges that Delaware drug laws "are selectively enforced and applied by the defendant's [sic]." (D.I. 22, at 24). The Plaintiff bases his allegation on the fact that the caucasian driver allegedly involved in the narcotics transaction was not arrested.

The Court finds Plaintiff's equal protection claim untenable. Plaintiff has not alleged any facts which would support a claim that he has been treated differently because of his race. Although he makes blanket allegations of a pattern racial misconduct by the police force, he has not alleged misconduct on the part of these defendants, or the department as a whole, with sufficient specificity. Accordingly, to the extent that Plaintiff alleges that the Defendants violated his equal protection rights, the Court will grant summary judgment in favor of the Defendants.

### F. *Pendent State Claims*

■ To the extent that Plaintiff has alleged state law claims in addition to his federal law claims, the Court will dismiss the state law claims. Where all federal claims directed at the defendants have been dismissed prior to trial, the district court should exercise its discretion and dismiss the state claims as well. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The Court has concluded that Defendants are entitled to summary judgment on each federal claims. Thus, the Court refuses to exercise its power of pendent jurisdiction over the Plaintiff's state law claim. Accordingly, the Court will dismiss all pendent state claims directed at Defendants Sapp, Kane, and Jannuzzio.

### III. CONCLUSION

For the foregoing reasons, the Court will grant summary judgment in favor of Defendants Sapp, Kane, and Jannuzzio and against Plaintiff Brawley. Subject matter jurisdiction was based solely on the disposed of federal claims, thus the Court declines to exercise jurisdiction over the remaining state law claims.

An appropriate Order will be entered.